IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER S. RIDER, et al.,

    Plaintiffs,              No. CIV S-09-0637 DAD P

   vs.

THOMAS FELKER, et al.,

    Defendants.          <u>ORDER</u>

_____/

       Plaintiff Rider, a state prisoner proceeding pro se, has filed a complaint on behalf of himself and forty of his fellow inmates seeking relief pursuant to 42 U.S.C. § 1983. Plaintiff Rider has also filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 302 and 28 U.S.C. § 636(b)(1).

**PLAINTIFF RIDER'S IN FORMA PAUPERIS APPLICATION**

       Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

       Plaintiff is required to pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. §§ 1914(a) & 1915(b)(1). Plaintiff has been without funds for six months and is

currently without funds.  Accordingly, the court will not assess an initial partial filing fee.  See 28 U.S.C. § 1915(b)(1).  Plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  See 28 U.S.C. § 1915(b)(2).

**SEVERANCE**

The Federal Rules of Civil Procedure provide that parties may be dropped or added by order of the court on the court's own initiative at any stage of the action and on such terms as are just; any claim against a party may be severed and proceeded with separately.  Fed. R. Civ. P. 21.  Courts have broad discretion regarding severance.  See Davis v. Mason County, 927 F.2d 1473, 1479 (9th Cir. 1991).

In this court's experience, an action brought by multiple inmate plaintiffs proceeding pro se presents procedural problems that cause delay and confusion.  Delay often arises from the frequent transfer of inmates to other facilities or institutions, the changes in address that occur when inmates are released to parole, and the difficulties faced by inmates who attempt to communicate with each other and with unincarcerated individuals.  Accordingly, the court finds that each plaintiff should proceed separately on his own claims.

Plaintiff Rider will proceed in this action.  Each other inmate plaintiff has included in his list of "Additional Plaintiffs," if they so desire, may commence new, individual actions by filing a complaint as required by Rule 3 of the Federal Rules of Civil Procedure and either paying the required filing fee or filing an application requesting leave to proceed in forma pauperis.  Any new action brought should not bear the case number assigned to this action.

**SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C.

§ 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

3

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**PLAINTIFF'S COMPLAINT**

Plaintiff Rider has named more than forty defendants in his complaint and has alleged a series of constitutional violations on behalf of himself and forty other inmates. As noted above, only plaintiff Rider will be allowed to proceed in this action. After reviewing the complaint, it appears that plaintiff Rider's primary claims are that prison officials have (1) destroyed or failed to provide him with his personal property, (2) refused to allow him to enter into a domestic partnership, (3) denied him meals on separate occasions, (4) assigned him to the same yard as some of his inmate enemies, (5) forced him to lay in spilled hot water as correctional officers quelled a prison riot, (6) threatened him with pepper spray if he did not remove his stomach piercing, and (7) withheld some of his religious materials and interfered with his participation in religious services. In terms of relief, plaintiff requests damages and a transfer to a different prison. (Compl. at 5 & Attach. 1-14.)

4

**DISCUSSION**

Plaintiff's allegations are so vague and conclusory and confounded by his allegations on behalf of other inmates that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief. The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims. Id. Because plaintiff's complaint fails to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

In any amended complaint he elects to file, plaintiff must demonstrate how the conditions complained of resulted in a deprivation of plaintiff's federal constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The amended complaint must allege in specific terms how each named defendant was involved in the deprivation of plaintiff's rights. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

If plaintiff elects to proceed with this action by filing an amended complaint, he is advised of the following legal standards that appear to govern many of his claims. First, plaintiff is advised that the United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984).

Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause. An authorized deprivation is one carried out pursuant to established state procedures, regulations or statutes. Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985).

Here, plaintiff does not appear to allege that the defendants mishandled his property pursuant to state procedures. Rather, plaintiff appears to allege that defendants either intentionally or negligently failed to follow state procedures resulting in damage to, and loss of, his property. As noted above, however, an unauthorized intentional deprivation of property does not constitute a violation of the Due Process Clause because the California Legislature has provided a remedy for tort claims against public officials in California Government Code, §§ 900, et seq. See Hudson, 468 at 533; Parratt v. Taylor, 451 U.S. 527, 543 (1981) (a prisoner alleging the deprivation of property as a result of an agents' failure to follow established state procedures failed to state a cognizable due process claim); overruled on other grounds by, Daniels v. Williams, 474 U.S. 327 (1986) (a prisoner alleging lack of due care by state officials failed to state a due process claim because negligence does not "deprive" an individual of life, liberty, or property for purposes of the Fourteenth Amendment).

In addition, plaintiff is advised that the Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. The "unnecessary and wanton infliction of pain" constitutes cruel and unusual punishment prohibited by the United States Constitution. Whitley v. Albers, 475 U.S. 312, 319 (1986). See also Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." Whitley, 475 U.S. at 319.

What is needed to show unnecessary and wanton infliction of pain "varies according to the nature of the alleged constitutional violation." Hudson v. McMillian, 503 U.S.

1, 5 (1992) (citing <u>Whitley</u>, 475 U.S. at 320).  To prevail on an Eighth Amendment claim the plaintiff must show that objectively he suffered a "sufficiently serious" deprivation.  <u>Farmer</u>, 511 U.S. at 834; <u>Wilson v. Seiter</u>, 501 U.S. 294, 298-99 (1991).  The plaintiff must also show that subjectively each defendant had a culpable state of mind in allowing or causing the plaintiff's deprivation to occur.  <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994).

In his complaint, plaintiff alleges that many of the routine discomforts inherent in the prison setting are violations of his rights under the Eighth Amendment.  Plaintiff is advised, however, that only those deprivations denying "the minimal civilized measure of life's necessities" are sufficiently grave to form the basis of an Eighth Amendment violation."  <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347 (1981).  In this regard, plaintiff's allegations that prison officials denied him a meal on a few separate occasions, for example, do not rise to the level of an Eighth Amendment constitutional violation.

Insofar as that plaintiff is attempting to assert a failure to protect claim under the Eighth Amendment, he is advised that "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners."  <u>Farmer</u>, 511 U.S. at 833.  "Being violently assaulted in prison is simply not 'part of the penalty that criminal offenders pay for their offense against society.'"  <u>Id.</u> at 834.  Prison officials do not, however, incur constitutional liability for every injury suffered by a prisoner at the hands of another prisoner.  <u>Id.</u>  A prison official violates the Eighth Amendment "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  <u>Id.</u> at 847.

Finally, plaintiff is advised that under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), the government is prohibited from imposing "a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability."  42 U.S.C. § 2000cc-1(a).  The plaintiff bears the initial burden of demonstrating that an institution's actions have placed a substantial burden on plaintiff's free exercise of religion.

Here, plaintiff alleges several times in his complaint that defendants have denied him access to his religious materials or interfered with his religious services. However, to state a cognizable claim under RLUIPA, plaintiff must specify which defendants have denied him access to religious services and in what way. In this regard, plaintiff must link any RLUIPA claim together with specific defendants and specific conduct.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**OTHER MATTERS**

Also pending before the court is plaintiff's motion for appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the court does not find the required exceptional circumstances.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff Christopher Scott Rider shall proceed as the sole plaintiff in this case. Each other inmate plaintiff has included in his list of "Additional Plaintiffs," if they so desire, may commence new, individual actions by filing a complaint as required by Rule 3 of the Federal Rules of Civil Procedure and either paying the required filing fee or filing an application requesting leave to proceed in forma pauperis. Any new action brought should not bear the case number assigned to this action.

2. Plaintiff's application to proceed in forma pauperis (Doc. No. 3) is granted.

3. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

4. Plaintiff's complaint is dismissed.

5. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

6. The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action.

7. Plaintiff's motion for appointment of counsel (Doc. No. 4) is denied.

DATED: February 4, 2010.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
ride0637.14a