IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER S. RIDER,

        Plaintiff,                      No. CIV S-09-0637 DAD P

        vs.

PARENTE, et al.,

        Defendants.             ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. By order filed February 5, 2010, the court dismissed plaintiff's original complaint and granted him leave to file an amended complaint. Plaintiff has filed an amended complaint.

**SCREENING REQUIREMENT**

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the

2

1  meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or
2  omits to perform an act which he is legally required to do that causes the deprivation of which
3  complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).
4        Moreover, supervisory personnel are generally not liable under § 1983 for the
5  actions of their employees under a theory of respondeat superior and, therefore, when a named
6  defendant holds a supervisorial position, the causal link between him and the claimed
7  constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862
8  (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory
9  allegations concerning the involvement of official personnel in civil rights violations are not
10 sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**PLAINTIFF'S AMENDED COMPLAINT**

12       In his amended complaint, plaintiff has identified close to twenty defendants and
13 appears to allege six separate categories of claims.

14 I. Inadequate Medical Care

15       First, plaintiff claims that defendants failed to provide him with adequate medical
16 care. In this regard, plaintiff alleges that on April 18, 2008, the prison dining hall was locked-
17 down by prison officials and inmates were forced to lay on their stomachs. According to
18 plaintiff, while he was laying on his stomach, he was scalded by hot water dripping from the
19 coffee urn. After plaintiff was told to stand and leave the dining hall, he was forced to sit out in
20 the sun for approximately nine hours. Plaintiff maintains that he has suffered burns on 90% of
21 his body as a result of this incident. (See Am. Compl. at 5A.[1])
22 /////
23 /////
24

---

25 [1] Plaintiff has inserted several pages in his amended complaint that are not numbered. For citation purposes, the court will denote these pages with "A". Thus, for example, the non-
26 numerated page between pages 5 and 6 will be referred to by the court as page "5A".

II. <u>Excessive Force</u>

Second, plaintiff appears to claim that defendants Tovar and Unknown Officer 1 used excessive force against him. Plaintiff alleges the following in this regard. After sitting in the sun, plaintiff was ushered to administrative segregation. There, defendant Tovar instructed plaintiff to remove his stomach ring. When plaintiff informed him that the ring was in-grown and that removing it would cause him intense pain, defendant Tovar pulled out his pepper spray, directed it at plaintiff's face, and ordered plaintiff to remove the ring. Plaintiff complied, causing himself to bleed and cry out in severe pain. Thereafter, defendant Unknown Officer 1 noticed that plaintiff had a tongue ring. Once again, plaintiff was ordered to remove the ring, despite his complaints that removing the in-grown tongue ring would cause him severe pain. Plaintiff again complied with the officers' orders but cried out in pain. (Am. Compl. at 5A.)

III. <u>Destruction of Personal Property</u>

Third, plaintiff claims that defendant Vansant destroyed or lost almost fifty items of his personal property. According to plaintiff, when he informed defendant Gray about the lost property, Gray told him that defendants Bond and Head agreed that plaintiff would only be compensated with a television. Plaintiff alleges that although he accepted the new television, he was forced to do so because he would have received nothing otherwise. (Am. Compl. at 5A.)

In addition, plaintiff alleges that defendants Young and Fannon entered his cell and destroyed his property. In particular, plaintiff maintains that these two defendants shredded his papers, threw them into the toilet, and then placed them on his mattress. (Am. Compl. at 5A.)

Finally, plaintiff alleges that on February 25, 2009, defendants Switzer and Dodge entered his cell to conduct a search and while conducting the search, destroyed his CD player. (Am. Compl. at 11.)

IV. <u>Failure to Protect</u>

Fourth, plaintiff claims that defendants Switzer and Dodge failed to protect him when they placed him in the yard while they conducted a cell search. According to plaintiff, at

least seven of his enemies were also in the yard, and he therefore could have been seriously injured by the defendants' action. (Am. Compl. at 11.)

V. Obstruction of Religious Practice

Fifth, plaintiff claims that prison officials have burdened his ability to practice his pagan religion. Plaintiff alleges in this regard that on December 4, 2007, defendant Unknown Officer 2, a Receiving and Release Officer, confiscated thirty-five religious books and a religious ring from plaintiff. According to plaintiff, without these items he was unable to freely practice his pagan religion. Moreover, plaintiff alleges that from April 18, 2008 through May 8, 2008 he was not allowed to practice his religion while he was confined in administrative segregation. (See Am. Compl. at 8A.)

VI. Denial of Domestic Partnership

Sixth, plaintiff alleges that on December 9, 2007, he wrote to defendant Branch, the prison's wedding coordinator, and expressed his desire to enter into a domestic partnership with his life partner. However, according to plaintiff, defendant Branch told him that domestic partnerships were not permitted. (Am. Compl. 11.)

**DISCUSSION**

The allegations in the amended complaint are still so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief. See Fed. R. Civ. P. 8(a). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege, with at least some degree of particularity, overt acts which each defendant engaged in that support his claims. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a), his amended complaint must be dismissed. The court will, however, give plaintiff a final opportunity to state a cognizable by granting him leave to file a second amended complaint. Moreover, the court advises plaintiff of the following legal

5

standards that appear to govern the claims he is attempting to present.

I. Inadequate Medical Care

The Eighth Amendment of the Constitution prohibits the infliction of "cruel and unusual punishments." In Estelle v. Gamble, 429 U.S. 97 (1976), the U.S. Supreme Court held that inadequate medical care did not constitute cruel and unusual punishment cognizable under § 1983 unless the alleged mistreatment amounted to a "deliberate indifference to serious medical needs." Id. at 106. In applying this standard, the Ninth Circuit has held that the "indifference to [the inmate's] medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).

Here, plaintiff has failed to allege in his amended complaint that he sought, or in any way requested, medical treatment for his burns. Accordingly, plaintiff has failed to allege facts showing that defendants' response to his medical needs were inadequate, let alone deliberately indifferent. In addition, plaintiff has failed to allege facts linking his inadequate medical care claim with the actions of specific defendants. See Rizzo v. Goode, 423 U.S. 362 (1976). Rather, plaintiff merely alleges in general fashion that defendants have violated his Eighth Amendment rights. Accordingly, unless he is able to allege facts in these respects, plaintiff should not reassert this claim in any second amended complaint he elects to file.

II. Excessive Force

The core judicial inquiry regarding an Eighth Amendment excessive force claim is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Whitley v. Albers, 475 U.S. 312, 318 (1986); Jordan v. Garner, 986 F.2d 1521 (9th Cir. 1993). Accordingly, to prevail on such a claim a plaintiff must show that objectively he suffered a "sufficiently serious" deprivation. Farmer v. Brennan, 511 U.S. 825, 834 (1994). In addition, the plaintiff must show that subjectively each defendant had a culpable state of mind in allowing or causing plaintiff's deprivation to occur. Id.

1 In this case, plaintiff has failed to allege facts demonstrating that defendants Tovar and Unknown
2 Officer 1 ordered plaintiff to remove his rings "for the very purpose of causing harm." Whitley,
3 475 U.S. at 318. Accordingly, in any second amended complaint plaintiff elects to file, he should
4 allege facts explaining why the order to remove his stomach and tongue rings served no
5 penological purpose and instead was an order issued sadistically for the very purpose of causing
6 harm .

III. Destruction of Personal Property

As the court advised plaintiff in its previous screening order, the United States Supreme Court has held that "an unauthorized intentional deprivation of property by a [prison official] does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Here, plaintiff's allegations against defendants Vasant, Gray, Bond, Head, Young, Fannon, Switzer, and Dodge all involve unauthorized and intentional deprivations of property. The California Legislature has provided a tort remedy for such deprivations of property under California Government Code §§ 900, et seq. See id. at 533. Accordingly, plaintiff's allegations regarding deprivations of property fail to state a cognizable due process claim. See Parratt v. Taylor, 451 U.S. 527 (1981) (holding that a prisoner alleging the deprivation of property as a result of an agent's failure to follow state procedures failed to state a cognizable due process claim); overruled on other grounds by, Daniels v. Williams, 474 U.S. 327 (1986) (holding that a prisoner alleging lack of due care by state officials failed to state a due process claim). Plaintiff is therefore advised not to reassert these claims in any second amended complaint he elects to file.

IV. Failure to Protect

Under the Eighth Amendment, "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 832 (1994). A prison official, however, violates the Eighth Amendment in this respect "only if he

7

knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id. at 847.  Here, plaintiff does not allege that defendants Switzer and Dodge knew that plaintiff's enemies were in the yard.  Accordingly, defendants were under no obligation to take reasonable measures to ensure plaintiff's safety.  Moreover, to the extent that plaintiff seeks damages for this claim, he has not alleged that he was actually injured at the time.  See Babcock v. White, 102 F.3d 267, 270 (7th Cir. 1996) ("[I]t is the reasonably preventable assault itself, rather than any fear of assault, that gives rise to a compensable claim under the Eighth Amendment.").  Accordingly, plaintiff is advised not to reassert this claim in any second amended complaint he elects to file, unless he can cure these factual deficiencies.

V.   Obstruction of Religious Practice

Incarceration does not eliminate an inmate's First Amendment right to freely exercise his religion.  See Bell v. Wolfish, 441 U.S. 520, 545 (1979).  His rights are, however, "necessarily limited by the fact of [his] incarceration, and may be curtailed in order to achieve legitimate correctional goals or to maintain prison security."  McElyea v. Babbitt, 833 F.2d 196, 197 (9th Cir. 1987).  Accordingly, to allege a First Amendment claim, plaintiff should explain why the confiscation of his property and the prohibition on religious services in administrative segregation did not serve legitimate penological purposes.

To the extent that plaintiff seeks to pursue a claim under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), he is advised that the government is prohibited from imposing "a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability."  42 U.S.C. § 2000cc-1(a).  Here, plaintiff has alleged facts indicating that the confiscation of his pagan books and his ritual ring, along with the denial of religious services in administrative segregation, have substantially burdened his religious exercise.  Plaintiff has not, however, linked his claims apparently advanced under RLUIPA with the alleged conduct of any specific defendants.  Accordingly, if he wishes to pursue this claim in any second amended complaint he elects to file,

plaintiff must specify the defendants who have burdened his religious practices and allege facts describing in what way the particular defendant did so.

VI. Denial of Domestic Partnership

"[W]hile the basic right to marry survives imprisonment, . . . most of the attributes of marriage . . . do not. Gerber v. Hickman, 291 F.3d 617, 621 (9th Cir. 2002) (citing Turner v. Safley, 482 U.S. 78, 96 (1987)). According to his amended complaint, however, plaintiff is not seeking a marriage license but instead is seeking to enter into a domestic partnership. Plaintiff's vague and conclusory allegations are not sufficient to state a cognizable claim.

## CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint (Doc. No. 10) is dismissed.

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint"; plaintiff must use the form complaint provided by the court; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

3. The Clerk of the Court is directed to provide plaintiff with the court's form complaint for a § 1983 action.

DATED: August 5, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:sj
ride0637.14a(2)