1

2

3

4

5

6

7

8           IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CHRISTOPHER S. RIDER,

11           Plaintiff,                    No. CIV S-09-0637 MCE DAD P

12       vs.

13   PARENTE, et al.,                      ORDER AND
                                           FINDINGS AND RECOMMENDATIONS
14           Defendants.

15   _____/

16           Plaintiff is a state prisoner proceeding pro se with a civil rights action seeking

17   relief under 42 U.S.C. § 1983.  This matter is before the court on defendants' motion to revoke

18   plaintiff's in forma pauperis ("IFP") status and to dismiss this action because plaintiff has had

19   three or more actions dismissed for failure to state a claim.  Plaintiff has filed an opposition to

20   the motion, and defendants have filed a reply.

21                                   **BACKGROUND**

22           Plaintiff is proceeding on his second amended complaint against defendants

23   Brautigam, Vansant, Smith, Callison, Tovar, Felker, Davey, McDonald, Harper, Switzer and

24   Dodge.  Therein, plaintiff alleges that:  (1) defendant Brautigam violated the Religious Land Use

25   and Institutionalized Persons Act (RLUIPA) and plaintiff's rights under the First Amendment;

26   (2) defendants Vansant, Smith, Callison, and Tovar used excessive force against plaintiff in

1

violation of the Eighth Amendment; (3) defendants Felker, Davey, McDonald, and Harper
violated plaintiff's Eighth Amendment right to receive adequate medical care; and (4) defendants
Switzer and Dodge failed to adequately protect plaintiff in violation of the Eighth Amendment.
(Sec. Am. Compl. (Doc. No. 13) at 2-16.)  In terms of relief, plaintiff seeks monetary damages
and an order directed at prison officials requiring that the Special Needs Yards at his institution
of confinement be segregated.  (Id. at 3, 8, 15.)

**DEFENDANTS' MOTION TO REVOKE PLAINTIFF'S IFP STATUS**

I. Defendants' Motion

Defense counsel argues that the court should revoke plaintiff's IFP status and
dismiss this action because on at least three occasions prior to the filing of this action, plaintiff
incurred a strike under 28 U.S.C. § 1915(g).  Counsel lists four actions, three in the Northern
District of Indiana and one in the Eastern District of California, that plaintiff brought prior to his
filing of this action.[1]  According to defense counsel, in each of these earlier-filed civil actions,
the court dismissed plaintiff's complaint for failure to state a claim upon which relief could be
granted.  (Defs.' Mot. to Dismiss (Doc. No. 23) at 3-5.)

II. Plaintiff's Opposition

In opposition to defendants' motion, plaintiff argues that this court should allow
him to continue to proceed IFP in this action because:  (1) three of the earlier-filed civil actions
relied upon by defendants were brought by plaintiff against family members or other inmates and
therefore those dismissals cannot count as strikes under 28 U.S.C. § 1915(g); (2) plaintiff had
been granted IFP status in the earlier-filed civil actions and a dismissal of a case can only be
counted as a strike under 28 U.S.C. § 1915(g) when a plaintiff is not allowed to proceed IFP; (3)

---

[1] Defendants request judicial notice be taken of the four previous cases brought by
plaintiff which were dismissed.  Judicial notice of adjudicative facts is appropriate with respect
to matters that are beyond reasonable dispute in that they are either generally known or capable
of accurate and ready determination by resort to a source whose accuracy cannot reasonably be
questioned.  See Fed. R. Evid. 201 and Advisory Committee Notes.  Here, the court will grant
defendants' request for judicial notice.

1   three of his earlier-filed civil actions relied upon by defendants are still pending; (4) the filing fee

2   must be paid at the outset of an action and here plaintiff has already be granted IFP status; and (5)

3   three of the earlier-filed civil actions were only dismissed because they were not brought against

4   government defendants and therefore those dismissals cannot count as strikes.  (Pl.'s Opp'n. to

5   Defs.' Mot. to Dismiss (Doc. No. 26) at 1-3.)

6   III.  Defendants' Reply

7          In reply, defense counsel argues that plaintiff's arguments are meritless and fail to

8   refute defendants' evidence that plaintiff acquired at least three strikes prior to initiating this

9   action.  (Defs.' Reply (Doc. No. 27) at 1-3.)

10                                              **ANALYSIS**

11         The federal in forma pauperis statute includes a limitation on the number of

12  actions in which a prisoner can proceed in forma pauperis.

> In no event shall a prisoner bring a civil action or appeal a
> judgment in a civil action or proceeding under [§ 1915] if the
> prisoner has, on 3 or more prior occasions, while incarcerated or
> detained in any facility, brought an action or appeal in a court of
> the United States that was dismissed on the grounds that it is
> frivolous, malicious, or fails to state a claim upon which relief may
> be granted, unless the prisoner is under imminent danger of serious
> physical injury.

18  28 U.S.C. § 1915(g).  "[T]he plain language of § 1915(g) requires that the court look at cases

19  dismissed prior to the enactment of the [Prison Litigation Reform Act] to determine when a

20  prisoner has used his three strikes."  Rodriguez v. Cook, 169 F.3d 1176, 1181 (9th Cir. 1999).

21         For purposes of § 1915(g), the court must determine whether plaintiff has, on

22  three or more occasions prior to the filing of this new action, brought a civil action or appeal that

23  was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon

24  which relief could be granted.  Where a court denies a prisoner's application to file an action

25  without prepayment of fees on the grounds that the submitted complaint is frivolous, malicious

26  or fails to state a claim upon which relief may be granted, the complaint has been "dismissed" for

                                                   3

1    purposes of § 1915(g).  O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008).

2         Here, defendants have demonstrated that plaintiff has suffered at least four such

3 dismissals that qualify under the terms of § 1915(g).  In this regard, plaintiff suffered a strike on

4 July 7, 2003, when the district court specifically dismissed Rider v. Kelley, 3:03-cv-474-AS

5 (N.D. Ind.), for failure to state a claim upon which relief may be granted.  Plaintiff suffered a

6 second strike on July 8, 2003, when the district court dismissed Rider v. Vanater, 3:03-cv-473-

7 RM (N.D. Ind.), for failure to state a claim upon which relief may be granted.  Plaintiff suffered a

8 third strike on July 16, 2003, when the district court dismissed Rider v. Rider, 3:03-cv-0472-

9 RLM-CAN (N.D. Ind.), again due to plaintiff's failure to state a claim upon which relief may be

10 granted.  Finally, plaintiff suffered a fourth strike on February 22, 2008 when the district court

11 dismissed Rider v. Hernandez, No. CIV 07-1862-LJO-SMS (E.D. Cal.), for failure to state a

12 claim upon which relief may be granted.  (Defs.' Mot. to Dismiss Ex. C-1, D-1, D-2, E-1, E-2, F-

13 1 & F-2 (Doc. No. 23-2) at 5-34.)

14         Moreover, on January 13, 2011, in Rider v. Rangel, No.1:07-cv-1340-LJO-MJS

15 (E.D. Cal.) the assigned Magistrate Judge issued findings and recommendations recommending

16 that plaintiff's IFP status in that case be revoked because plaintiff had suffered at least three

17 strikes under § 1915(g) prior to filing his complaint in that action.[2]  In those findings and

18 recommendations the assigned Magistrate Judge counted the dismissals in Rider v. Rider, Rider

19 v. Vanater, and Rider v. Kelley, noted above, as strikes pursuant to § 1915(g).[3]  The assigned

20

21      [2] A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman,
803 F.2d 500, 504 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

22

23      [3] The Magistrate Judge's January 13, 2011 findings and recommendations in Rider v.
Rangel did not count the dismissal in Rider v. Hernandez as qualifying as a strike only because

24 plaintiff filed his complaint in Rider v. Rangel prior to the issuance of the order of dismissal in
Rider v. Hernandez on February 22, 2008.  Here, plaintiff filed his original complaint in this

25 action on March 9, 2009, well after the order dismissing plaintiff's complaint in Rider v.
Hernandez was filed.  Thus, in this case the dismissal of plaintiff's complaint in Rider v.

26 Hernandez for failure to state a claim upon which relief may be granted qualifies as yet another
strike against plaintiff for purposes of § 1915(g).

1   District Judge adopted those January 31, 2011 findings and recommendations on March 7, 2011,

2   and ordered plaintiff's IFP status in <u>Rider v. Rangel</u> revoked.

3         Here, plaintiff commenced this action on March 9, 2009, by filing a civil rights

4   complaint together with an application to proceed in forma pauperis.  As noted above, however,

5   plaintiff filed this action after having brought three or more prior federal civil actions that were

6   dismissed on the grounds specified in 28 U.S.C. § 1915(g).  Therefore, plaintiff is precluded

7   from proceeding in forma pauperis in this action unless he can demonstrate that he is under

8   imminent danger of serious physical harm.  <u>See</u> 28 U.S.C. § 1915(g).[4]

9         Under the imminent danger exception of § 1915(g) a prisoner may use IFP status

10   to bring a civil action despite three prior dismissals only where the prisoner is under imminent

11   danger of serious physical injury.  <u>See</u> <u>Andrews v. Cervantes</u>, 493 F.3d 1047, 1056-57 (9th Cir.

12   2007) ("[A] prisoner who alleges that prison officials continue with a practice that has injured

13   him or others similarly situated in the past will satisfy the 'ongoing danger' standard and meet

14   the imminence prong of the three-strikes exception.").  "Prisoners qualify for [this] exception

15   based on the alleged conditions at the time the complaint was filed.  And qualifying prisoners can

16   file their entire complaint IFP; the exception does not operate on a claim-by-claim basis or apply

17   to only certain types of relief."  <u>Andrews</u>, 493 F.3d at 1052.  However, "the exception applies if

18   the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious

19   physical injury' at the time of filing."  <u>Id</u>. at 1055.

20   /////

21   /////

22   /////

23   /////

24   /////

25

26       [4] Plaintiff's other arguments in opposition to the pending motion have no support in the law and are therefore unpersuasive.

5

1    Here, plaintiff alleges in his second amended complaint that in 2007 defendant

2    Brautigam confiscated his religious property.[5]  (Sec. Am. Compl. (Doc. No. 13) at 3-5.)  Plaintiff

3    also alleges that in 2008, defendants Vansant, Smith, Callison, and Tovar forced him to lay in

4    scolding hot water and then used excessive force against him while trying to quell a prison

5    disturbance involving other inmates, and that defendants Felker, Davey, McDonald, and Harper

6    violated plaintiff's right to receive adequate medical care for the injuries sustained during that

7    incident.  (Id. at 8-12.)  These allegations all concern events that occurred well before plaintiff

8    commenced this civil action in 2009.  Based on these allegations of his complaint, it is not

9    plausible that plaintiff faced an imminent danger of serious physical injury at the time he filed

10   this action and plaintiff does not assert otherwise.

11   Plaintiff also alleges in his second amended complaint that defendants Switzer

12   and Dodge failed to adequately protect him from a known threat of harm in violation of his rights

13   under the Eighth Amendment.  (Id. at 15-16.)  Specifically, plaintiff alleges that while he was

14   incarcerated at High Desert State Prison (HDSP) an inmate began telling other inmates that

15   plaintiff was a sex offender.  (Id. at 15.)  Plaintiff alleges that he had previously been assaulted in

16   prison because of his status as a sex offender.  (Id.)  Plaintiff claims that he informed defendants

17   Switzer and Dodge "about the problem and informed them that [he] was in fear for [his] safety

18   being housed on that yard with that individual."  (Id. at 15.)  Defendants Switzer and Dodge

19   allegedly determined there was no threat to plaintiff's safety and took no action.  (Id. at 15-16.)

20   Plaintiff alleges that he was thereafter assaulted on April 14, 2010.  (Id. at 16.)

21   /////

22

23       [5]  Plaintiff's original complaint was filed on March 9, 2009, on behalf of himself and
     forty fellow inmates and was dismissed with leave to amend because the allegations set forth
24   therein were found to be vague and conclusory.  (Compl. (Doc. No. 1); Screening Order, Feb. 5,
     2010 (Doc. No. 7).)  Plaintiff's first amended complaint was filed on February 24, 2010.  (Am.
25   Compl. (Doc. No. 10).)  On August 5, 2010, plaintiff's first amended complaint was also
     dismissed with leave to amend because the allegations set forth therein were once again found to
26   be vague and conclusory.  (Screening Order, Aug. 6, 2010 (Doc. No. 12).).

1          Such allegations, if expounded upon with respect to a continuing practice, could

2    conceivably meet the ongoing danger standard and the imminence prong of the three-strikes

3    exception.  See Andrews, 493 F.3d at 1056-57.  However, on August 4, 2010, plaintiff notified

4    this court that he had been transferred to Salinas Valley State Prison.  (Doc. No. 11.)  Moreover,

5    plaintiff raised his failure to protect claim against defendants Switzer and Dodge for the first time

6    in his second amended complaint filed on August 25, 2010, after he had already been transferred

7    from HDSP to Salinas Valley State Prison.  (Doc. No. 13.)  Plaintiff does not allege that

8    defendant Switzer or defendant Dodge work at Salinas Valley State Prison and counsel has

9    represented that the "[d]efendants are all located" at HDSP.  (Defs.' Mot. to Dismiss (Doc. No.

10   23) at 5.)  Thus, it is apparent that plaintiff was not in imminent danger of serious physical injury

11   because of these defendants' alleged failure to protect him at the time plaintiff filed his second

12   amended complaint.  Therefore the imminent danger exception to § 1915(g)'s three-strikes

13   provision does not apply here.  See Andrews, 493 F.3d at 1055 ("Instead, the exception applies if

14   the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious

15   physical injury' at the time of filing."); see also Medberry v. Butler, 185 F.3d 1189, 1193 (11th

16   Cir. 1999) (finding failure to protect allegations against prison officials who put an inmate

17   convicted of sexual battery in general population failed to meet imminent danger standard

18   because the threat had ceased prior to filing the complaint and there were no allegations that

19   plaintiff was in imminent danger of serious physical injury at the time he filed his complaint or

20   that he was in jeopardy of any ongoing danger); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir.

21   1998) ("Allegations that the prisoner faced imminent danger in the past are insufficient to trigger

22   this exception to § 1915(g) and authorize the prisoner to pay the filing fee on the installment

23   plan."); Winfield v. Schwarzenegger, No. 2:09-cv-0636 KJN P, 2010 WL 3397397, at *2 (E.D.

24   Cal. Aug. 27, 2010) ("At the time of filing the operative . . . complaint, plaintiff was incarcerated

25   at [CSP-Sacramento]; thus, he is not facing imminent danger of serious physical injury based on

26   allegations against defendant . . . at San Quentin State Prison.")

1    Plaintiff has also filed with the court a document styled "Motion under 1915(g)

2    imminent danger of serious physical injury requirements." (Doc. No. 39.) Therein plaintiff

3    recounts the threats and assaults he endured over the course of his incarceration because of his

4    status as a sex offender. Plaintiff alleges that "because of [his] charges he is always in imminent

5    danger of serious injury[.]" (Doc. No. 39 at 2.)

6    While plaintiff alleges that he has been previously assaulted because of his status

7    as a sex offender, plaintiff does not allege, either in his second amended complaint or in his

8    motion, that these prior assaults occurred because of a practice by prison officials of failing to

9    protect him nor does he allege that such a practice is ongoing. While it may be true that plaintiff

10   has been previously assaulted in prison because of his status as a sex offender, plaintiff has not

11   alleged that he is facing an ongoing danger of being assaulted because prison officials are

12   continuing with a practice that has injured him in the past. See Andrews, 493 F.3d at 1056-57

13   ("[A] prisoner who alleges that prison officials continue with a practice that has injured him or

14   others similarly situated in the past will satisfy the 'ongoing danger' standard and meet the

15   imminence prong of the three-strikes exception."); Ashley, 147 F.3d at 717 ("In short, because

16   Ashley has properly alleged an ongoing danger, and because his complaint was filed very shortly

17   after the last attack, we conclude that Ashley meets the imminent danger exception in §

18   1915(g)."); see also Allen v. Georgia, Civil Action No. CV210-076, 2010 WL 3418923, at *1

19   (S.D. Ga. Aug. 30, 2010) ("The mere status of being an incarcerated sex offender is not enough

20   to meet the imminent danger exception of § 1915.")

21   Therefore, plaintiff may proceed with this action only if he pays the $350 filing

22   fee in full. In this regard, the Ninth Circuit Court of Appeals has made clear that issues

23   surrounding the denial of an application to proceed in forma pauperis become moot upon a

24   litigant's paying of the filing fee. See Lipscomb v. Madigan, 221 F.2d 798 (9th Cir. 1955)

25   (movant's application to docket his appeal in forma pauperis, "having become moot" by payment

26   of docket fee, was dismissed); Funtanilla v. Tristan, No. 05-17096, 2007 WL 1663670 at *1 (9th

8

1  Cir. Mar. 12, 2007) (reversing a district court's dismissal under 28 U.S.C. 1915(g) where

2  plaintiff paid the filing fee in full prior to dismissal since "once [plaintiff's] fee was paid, the

3  issue of his IFP status became moot")[6]; see also Stringham v. Bick, No. CIV S-09-0286 MCE

4  DAD P, 2010 WL 580019 at *1 (E.D. Cal. Feb. 11, 2010) (vacating findings and

5  recommendations to dismiss a civil rights action pursuant to § 1915(g) because plaintiff paid the

6  filing fee); Hernandez v. Ventura County, No. CV 09-7838 GHK (JC), 2010 WL 3603491 at *6

7  (C.D. Cal. July 27, 2010) (recommending that defendants' motion to revoke plaintiff's in forma

8  pauperis status be granted, plaintiff's in forma pauperis status be revoked, and the action be

9  dismissed unless plaintiff paid the statutory filing fee); Johnson v. Tilton, No. CV 09-2862, 2010

10  WL 3782446 at *4 (C.D. Cal. July 22, 2010) (same).[7]

11        Accordingly, the undersigned will recommend that plaintiff be allowed to proceed

12  with this civil action only if he pays the filing fee within twenty-one days after being served with

13  these findings and recommendations, the same period of time provided for the filing of

14  objections to these findings and recommendations.

15                              **OTHER MATTERS**

16        Also pending before the court are plaintiff's motion to strike defendants' request

17  for judicial notice and plaintiff's motion to strike defendants' motion to revoke his IFP status.

18  As to plaintiff's motion to strike defendants' request for judicial notice, defendants sought

19  judicial notice of court records concerning plaintiff's earlier-filed civil actions.  A court may take

20  judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 504 (9th Cir.

21  1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).  As to plaintiff's motion to

22

23        [6] Citation to this latter unpublished decision is appropriate pursuant to Ninth Circuit Rule
   36-3(b).

24

25        [7] The Eleventh Circuit Court of Appeals has held that lower courts must dismiss an
   action and not allow a litigant to pay the filing fee after revoking his IFP status pursuant to §
   1915(g).  See Dupree v. Palmer, 284 F.3d 1234 (11th Cir. 2002).  However, that authority is not

26  binding on this court which is bound by the decisions of the Ninth Circuit.

strike defendants' motion to revoke plaintiff's IFP status, plaintiff has provided no legal authority

for striking defendants' motion.  Accordingly, both of the motions filed by plaintiff will be

denied.

**CONCLUSION**

IT IS HEREBY ORDERED that:

1.  Plaintiff's February 4, 2011 motion to strike defendants' request for judicial

notice (Doc. No. 29) is denied;

2.  Plaintiff's February 7, 2011 motion to strike defendants' motion to revoke

plaintiff's IFP status (Doc. No. 30) is denied; and

3.  Plaintiff's April 6, 2011 motion to strike defendants' motion to revoke

plaintiff's IFP status (Doc. No. 40) is denied.

IT IS HEREBY RECOMMENDED that:

1.  Defendants' January 5, 2011 motion to revoke plaintiff's IFP status (Doc. No.

23) be granted;

2.  Plaintiff's April 6, 2011 motion under § 1915(g) (Doc. No. 39) be denied;

3.  Plaintiff's IFP status be revoked; and

4.  This action be dismissed without prejudice, unless plaintiff pays the full

statutory filing fee by the deadline for the filing of objections to these findings and

recommendations.

These findings and recommendations are submitted to the United States District

Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

one days after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties.  Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

shall be served and filed within seven days after service of the objections.  The parties are

/////

advised that failure to file objections within the specified time may waive the right to appeal the
District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 13, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
prisoner-civilrights.rider0637.ifp.revoke